## Case No. 5,390.

### GIBSON v. BETTS et al.

[1 Blatchf. 163;[1] 1 Fish. Pat. Rep. 91.]

Circuit Court, N. D. New York. June Term, 1846.

PATENTS—PROVISIONAL INJUNCTION—VALIDITY OF PATENT—INFRINGEMENT.

1. On a motion for a provisional injunction under Woodworth's patent for improvements in the method of planing boards, as re-issued July 8th, 1845, no question as to the originality of the invention, or as to the validity of the re-issued patent, will be entertained by the court.

2. A machine which had only a planing cylinder, and no tonguing or grooving wheels; in which the planks were moved forward by a carriage, instead of by friction rollers, the carriage being moved by an endless chain; and in which the planks were kept down on the carriage by springs, adjusted on frame-work near the planing cylinder—was decided, on a motion for a provisional injunction, to be an infringement of Woodworth's re-issued patent.

In equity. This was an application for a provisional injunction. The plaintiff [John Gibson] was assignee, for the city and county of Albany, for the extended term of seven years from December 27th, 1842, to December 27th, 1849, of letters patent to William Woodworth for an improvement in the method of planing, tonguing and grooving boards and plank, as re-issued July 8th, 1845. See the letters patent, specification, &c., set forth at length in the case of Wilson v. Rousseau, 4 How. [45 U. S.] 658–668. The defendants [Richard D. Betts and Rufus K. Viele] were using a machine for planing, called "Andrews' Planing Machine." It differed from Woodworth's, as ordinarily arranged, in these

respects: (1) It had a planing cylinder, but no tonguing or grooving wheels; (2) it had a carriage, instead of friction rollers, to move the planks forward, and the carriage was moved by an endless chain; (3) the planks were kept down on the carriage by springs adjusted on framework near the planing cylinder. Models of the two machines were produced and the defendants introduced affidavits denying the originality of Woodworth's invention. They also denied the validity of the re-issued patent.

William H. Seward, for plaintiff.
Daniel Cady, for defendants.

NELSON, Circuit Justice, decided, that after the adjudications on Woodworth's patent, he would not, on a motion for an injunction, entertain any question as to the originality of Woodworth's invention, or as to the validity of the re-issued patent. He also decided that the defendant's machine was an infringement of Woodworth's. Injunction granted.

[For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]